LEWIS BENEDICT *v.* WILLIAM R. THOMPSON *et ux.*

A rehearing will not be granted where a party, by lapse of time, has lost his right to an appeal.

PETITION by Thompson for a rehearing.

The petition stated that, on the 15th day of August, 1840, complainant filed his bill of complaint for the foreclosure of a mortgage; that defendants were duly served with process, and appeared, but failed to answer the bill, which was taken as confessed; and that, on the 31st day of August, 1842, a decretal order was made, adjudging and decreeing, among other things, that all and singular the mortgaged premises, or so much thereof, at two-thirds their appraised value, as should be sufficient to satisfy the amount due, be set off by metes and bounds, under the direction of a Master, by three disinterested freeholders of the county of Washtenaw, where the premises were situated, in pursuance of an act entitled "An act to provide for the transfer of real estate on execution, and for other purposes." The petitioners were advised, and believed, the decretal order, in the part above set forth, and in all its parts which directed the appraisal and setting off of the premises to complainant, according to the aforesaid act, was erroneous, against the express agreement of the parties to the mortgage, and against law and equity; and that the decree should have directed a sale of the mortgaged premises, according to the usage and practice of the Court previous to the passage of the act. The petition further stated that complainant, on August 26th, 1843, caused the mortgaged premises to be appraised and set off, by metes and bounds, &c. and that complainant, on

the second day of September following, accepted the premises as appraised and set off.

*W. A. Fletcher*, in support of the motion.

*J. Kingsley*, contra.

THE CHANCELLOR.   Since the decision of the Supreme Court of the United States, in *Bronson* v. *Kinzie*, 1 *Howard R.* 311, the act under which the decree was entered, requiring mortgaged premises, as well as real estate taken on execution, to be set off by metes and bounds at two-thirds their appraised value, has been held to be unconstitutional and void as to previous contracts, and not binding upon this Court.   A rehearing should, therefore, be granted, if it can be done consistently with the established rules of law.

The object of a rehearing is to save the expense and delay of an appeal, and to give the Court an opportunity of reviewing and correcting a decree made by itself, if erroneous.   It can be granted only before enrolment; but the same object may be obtained after the decree has been enrolled, by a bill of review.   By a rule of the English Court of Chancery, a petition for a rehearing must be presented within a fortnight after the order pronounced.   2 *Madd. Ch.* 482.   This rule, however, does not appear to have been rigidly adhered to of late, and is important only as showing the short time allowed there for making the application.   We have no rule on the subject.   But a decree cannot be enrolled until the expiration of thirty days from the time it is entered in the minutes of the Court; *R. S.* 369; so that, in all cases, the parties have thirty days to present their petition in, and how much longer, in case the decree is not enrolled, is the question to be now decided.

Ninety days only are allowed for appealing from the decree or final order of this Court to the Supreme Court, *R. S.* 379, and, by the 105th rule of Court, a bill of review must be brought within the time allowed for bringing an appeal. From analogy, it would therefore seem, where the decree has not been enrolled, a rehearing should not be granted on a petition presented after the time for appealing had expired. A different rule would vest the Court with power to reverse its own decrees, after that power had ceased to exist in the appellate Court; and to open anew litigation, which the statute limiting appeals to ninety days was intended to put at rest, after that time, where no appeal had been taken.

If defendants were dissatisfied with the decree, and wished to contest the constitutionality of the law under which it was entered, they should have taken their appeal within the ninety days. They should not have lain by until the question was settled, in another case, and by another Court, and the time for appealing had expired, before presenting their petition. If the decree had been enrolled, they could not now file a bill of review; and, *it* not having been enrolled, a rehearing should not be granted.

Motion denied.